IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON W. McNEAL,

    Plaintiff,                        No. CIV S-05-0477 MCE DAD P

    vs.

MS. COBBS, et al.,                ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Within two weeks after commencing this action, plaintiff filed a motion for leave to amend. The motion was not accompanied by an amended complaint. Plaintiff subsequently filed a second motion for leave to amend together with an amended complaint. The Federal Rules of Civil Procedure permit a party to amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). No responsive pleading has been served in this case, and plaintiff does not need the court's permission to file an amended complaint. Plaintiff's motions for leave to amend will be denied as unnecessary.

1

SCREENING REQUIREMENTS

The district court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to proceed in forma pauperis, or has been granted leave to proceed in forma pauperis, if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief).

A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In the present case, plaintiff has sued two defendants: Ms. Cobbs, librarian at High Desert State Prison, and D.L. Runnels, warden of the institution. Plaintiff seeks one million dollars in compensatory damages from each defendant, one million dollars in punitive damages from each defendant, and an order giving him unlimited access to the prison law library until "this matter with Plaintiff claim is settled." Plaintiff requests a declaration that his allegations are true and that the defendants' denial of unlimited access to the law library harmed plaintiff's claim in a previously filed civil action.

Plaintiff alleges as follows:

On February 17, 2004, plaintiff received a scheduling order and a discovery order in civil case No. CIV S-02-2524 MCE JFM P (E.D. Cal.); plaintiff did not understand the orders and went to the prison law library the next day and showed them to Ms. Cobbs, the librarian; Ms. Cobbs did not assist plaintiff in interpreting the discovery deadline date; state regulations provide that an inmate with an established court deadline shall be given higher priority for access to the law library than inmates with longer deadlines or without a deadline; Ms. Cobbs stated that she would give plaintiff PLU status, but she did not; on February 23, 2004, plaintiff wrote the court for help in understanding the discovery deadline date and to request an extension of time; the request was denied with instructions to file a separate motion demonstrating his need for an extension of time; on March 21, 2004, plaintiff wrote a motion for extension of time but used the wrong heading, and the motion was denied without prejudice on April 19, 2004, after the discovery deadline had expired on April 4, 2004; on April 20, 2004, plaintiff served discovery requests but did not know what he was doing "due to not getting law library like a PLU user"; on June 15, 2004, plaintiff filed a grievance against Ms. Cobbs "for her deliberate indifference to my legal need"; on June 16, 2004, plaintiff received defendants' response to his discovery requests, objecting to the requests as untimely served; throughout the period from February through June, plaintiff showed his discovery order to Ms. Cobbs every time he went to the law library, but she did not give him PLU status; plaintiff received access to the law library only four times from February through June, and only three of those visits occurred prior to the discovery deadline of April 4, 2004; Ms. Cobbs did not give plaintiff PLU status for subsequent deadlines, and plaintiff was placed in administrative segregation on July 11, 2004.

(Am. Compl., Attach. at 2-4.)

Plaintiff contends that deprivation of PLU status damaged his 2002 civil case and disrupted meaningful access to the courts. He claims that lack of library time put the 2002 case in jeopardy and that the case was still in jeopardy in April 2005 when he filed his amended complaint in this action. Plaintiff asserts that defendant Cobbs violated plaintiff's rights under the First, Fifth, and Fourteenth Amendments by "maliciously and sadistically" ignoring plaintiff's court orders. Plaintiff argues that he suffered an injury each time the court rejected one of his motions because each rejection was a denial of access to the courts caused by his lack of knowledge of the rules, which in turn was caused by inadequate time in the law library due to

4

lack of PLU status.  Plaintiff complains that the entire prison has been hindering his access to the courts since he first made officials aware of his intention to bring a suit against the prison.  He accuses defendant Cobbs of knowing the importance of his court orders and disregarding them out of "meaningful deliberate indifference."  Plaintiff asserts that defendant Cobbs "didn't make me PLU in retaliation punishment in a malicious and sadistic manner because of my claim against fellow coworkers for excessive force."

Plaintiff has attached to his amended complaint a copy of the orders issued on February 11, 2004, in case No. CIV S-02-2524 MCE JFM P.  The discovery order did not set any deadlines.  The scheduling order set a June 4, 2004 deadline for filing motions necessary to compel discovery and an April 4, 2004 deadline for serving discovery requests pursuant to Rules 31, 33, 34, and 36 of the Federal Rules of Civil Procedure.

Plaintiff has also attached to his amended complaint a copy of an inmate appeal dated June 15, 2004.  In the appeal, plaintiff states, "The reason I am filing this '602' is because, I need 'PLU' status in the law library on C yard."  Plaintiff explains that he has a court deadline of July 30, 2004, for filing pretrial motions, states that he understands PLU status will only give him an hour and a half in the library per week and "is fine with that," and notes that he has subsequent deadlines on October 29, 2004, and November 12, 2004.[1]  Plaintiff remarks that he previously had a June 4, 2004 deadline for motions to compel discovery and put in many requests to attend law library, to no avail.  The informal level response dated June 18, 2004, cites the prison's institutional supplement to the Departmental Operations Manual concerning access to law library by inmates with court deadlines and states that "[a] PLU is an inmate who has a verified court-ordered or procedural deadline to file a petition, brief, motion, opposition, traverse, reply or other pleading within 30 days."  The response further states that a deadline extending beyond 30 days is honored only for the last 30 days prior to the deadline, that plaintiff would

---

[1] Plaintiff was in error with regard to the November 12, 2004 date.  That was defendants' deadline for filing a pretrial statement.

therefore "become PLU" on June 30, 2004, for his July 30, 2004 deadline, and that until June 30, 2004, he was "GLU" and would receive library time "as time and space permits."

ANALYSIS

I. Defendant Runnels

Plaintiff's amended complaint contains no allegations against defendant Runnels. Because plaintiff has not alleged facts establishing a causal link between defendant Runnels and the claimed constitutional violations, it appears that plaintiff has sued defendant Runnels solely under a theory of respondeat superior. Defendant Runnels cannot be held liable under § 1983 for the actions of defendant Cobbs. See Fayle, 607 F.2d at 862; Mosher, 589 F.2d at 441. The undersigned finds that plaintiff's claims against defendant Runnels lack an arguable basis in law or in fact and cannot be cured by further amendment. Plaintiff's claims against defendant Runnels should be dismissed with prejudice.

II. Defendant Cobbs

The undersigned finds that plaintiff did not exhaust available administrative remedies on the claims alleged against defendant Cobbs in this action. In his original complaint, plaintiff declares that he exhausted administrative remedies as follows: "I took 602 to the informal level and librarian Cobbes [sic] Partially Granted. I took it no further. Board of Control No. G 551002." (Compl., Continuation Page for Section II. Exhaustion of Administrative Remedies.) Plaintiff's amended complaint includes a copy of the 602. It is a matter of record that plaintiff's only effort to exhaust available administrative remedies within the California Department of Corrections and Rehabilitation prior to bringing this action consisted of the inmate appeal attached to his amended complaint.[2]

---

[2] Presentation of a claim to the State Board of Control does not exhaust administrative remedies because the Board is not part of the prison appeal system. See Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) ("Congress certainly intended to require prisoners to exhaust available administrative grievance procedures, [but] there is no indication that it intended prisoners also to exhaust state tort claim procedures."), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

1   By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court will not read futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies on any claim, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). In order to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a), a California prisoner must submit an inmate appeal at the appropriate level and proceed to the highest level of administrative review available before filing suit. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005); Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096 (9th Cir. 2002).

1    In the present case, plaintiff filed one inmate appeal and took it no further than the informal level.  Although he appears to rely on the fact that the appeal was partially granted, such reliance is misplaced because the 602 did not raise the claims alleged in this lawsuit.  The appeal does not mention plaintiff's April 4, 2004 deadline for serving discovery requests.  The appeal does not contain any complaint about having been denied PLU status during the time between February 17, 2004, the date on which plaintiff received the scheduling order and the discovery order, and April 4, 2004, the deadline for serving certain discovery requests.  While the appeal does contain plaintiff's statement that he had a June 4, 2004 deadline for compelling discovery and put in many requests to attend the law library, to no avail, the appeal does not contain any allegation that lack of access to the law library caused him to suffer an injury to his right of access to the courts.  The appeal does not contain any allegation of retaliatory acts by prison staff.  Nor does the appeal present facts from which one could infer a claim of retaliation or a claim of denial of access to the courts.  Finally, the appeal does not refer to Ms. Cobbs or Warden Runnels by name or position or identify misconduct of constitutional dimension by any prison official.

    The exhaustion requirement is intended to afford corrections officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 524-25.  A grievance will suffice to exhaust administrative remedies if it alerts the prison to the nature of the wrong for which redress is sought and objects intelligibly to some asserted shortcoming.  Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002).  Plaintiff's 602 did not alert prison officials to the nature of the wrongs for which he now seeks redress, and he did not object intelligibly to the shortcomings at issue in this case.  Plaintiff's allegations and evidence regarding exhaustion of administrative remedies therefore constitute a concession of non-exhaustion of the claims alleged in this case.  The undersigned will recommend that plaintiff's claims against defendant Cobbs be dismissed without prejudice to the filing of a new action after exhausting such administrative remedies as may be available at this late date.

/////

Plaintiff is cautioned, however, that his claims against defendant Cobbs appear to lack merit. It is well established that prisoners have a federal constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds, 430 U.S. at 825). The Supreme Court has disclaimed any constitutional requirement that state officials enable prisoners to litigate effectively once in court. Id. at 354 ("To demand the conferral of . . . sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires."). A prisoner who asserts a violation of his right of access to the courts must allege an actual injury to such access. Id. at 351-52; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). An actual injury means "a specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

It does not appear that plaintiff was actually denied access to the court at any time in case No. CIV S-02-2524 or that his claim presented in that case has been harmed in any way by denial of PLU status between February 17, 2004, and April 4, 2004, or during any subsequent period of time. Plaintiff's own allegations indicate that PLU status entitles an inmate only to an hour and a half in the law library per week during the 30-day period prior to the deadline for which PLU status was granted. Plaintiff received library visits on February 18, March 3, and April 1 in 2004. Even if plaintiff had received two additional library visits, it is implausible that an additional three hours of library time would have been material to his litigation of case No. CIV S-02-2524.

The court's records for case No. CIV S-02-2524 reveal that plaintiff's arguments concerning a prison lock-down and denial of adequate access to the prison law library were

addressed in the context of plaintiff's motion to reopen discovery, plaintiff's pretrial motion concerning his deposition transcript and a videotape, and plaintiff's Rule 56(f) request to delay disposition of defendants' motion for summary judgment. The magistrate judge considered the additional discovery plaintiff wished to conduct and expressly found that plaintiff had received a copy of the videotape and refused to view it, defendants had not offered plaintiff's deposition transcript into evidence at that time, and the other evidence plaintiff wanted to seek through discovery was only tangentially related to the core issue of whether there was a triable issue of material fact over whether defendants used force against plaintiff in a good faith effort to maintain or restore discipline, or whether they used force maliciously and sadistically for the very purpose of causing harm to plaintiff. (Order filed in case No. CIV S-02-2524 MCE JFM P on May 9, 2005, and docketed as #66, at 1-3.) The magistrate judge ruled that plaintiff had sufficient time to conduct discovery and that the discovery he would seek if discovery were reopened was not sufficiently related to the core issues raised by plaintiff's claim to justify further delay of the action. (Id. at 4.) Plaintiff did not seek reconsideration of the order, and filed opposition to defendants' motion for summary judgment. The magistrate judge recommended that defendants' motion be denied, and the district judge adopted that recommendation on September 7, 2005. The parties filed pretrial statements, and a pretrial order was issued on December 9, 2005. Due to requests filed by plaintiff, an amended pretrial order was issued on February 8, 2006, and jury trial was continued. The trial date was recently continued at defendants' request due to the unavailability of one of the defendants on the date previously scheduled for trial. No injury to plaintiff's claim in case No. CIV S-02-2524 is discernible.

III. Conclusion

The undersigned will recommend that plaintiff's claims against defendant Runnels be dismissed with prejudice as frivolous and that plaintiff's claims against defendant Cobbs be dismissed without prejudice due to his failure to exhaust administrative remedies prior

/////

to filing this action. In light of these recommendations, the undersigned will also recommend that plaintiff's application to proceed in forma pauperis be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 21, 2005 motion for leave to amend is denied;

2. Plaintiff's April 11, 2005 motion for leave to amend is denied;

3. Plaintiff's January 13, 2006 motion for case status is denied; and

IT IS RECOMMENDED that:

1. Plaintiff's March 10, 2005 application to proceed in forma pauperis be denied;

2. Plaintiff's claims against defendant Runnels be dismissed with prejudice as frivolous;

3. Plaintiff's claims against defendant Cobbs be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action; and

4. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mcne0477.56

11